IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| AARON V. PERRY, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>KANSAS STAR CASINO, LLC,<br><br>PAR-A-DICE GAMING CORPORATION,<br><br>BLUE CHIP CASINO, LLC,<br><br>DIAMOND JO WORTH, LLC,<br><br>THE BELLE OF NEW ORLEANS LLC,<br><br>RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C.,<br><br>TREASURE CHEST CASINO, L.L.C.,<br><br>BOYD TUNICA, INC., and<br><br>VALLEY FORGE CONVENTION CENTER PARTNERS, LLC<br><br>  Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Aaron V. Perry ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Collective Action Complaint against Defendants Kansas Star Casino, LLC ("Kansas Star"), Par-A-Dice Gaming Corporation ("Par-A-Dice"), Blue Chip Casino, LLC ("Blue Chip"), Diamond Jo Worth, LLC ("Diamond Jo"), Belle of Orleans, L.L.C. ("Amelia Belle"), Red River Entertainment of Shreveport, L.L.C. ("Sam's Town Shreveport"), Treasure Chest Casino, L.L.C. ("Treasure Chest"), Boyd Tunica, Inc. ("Sam's Town Tunica"), and Valley Forge

1

Convention Center Partners, LLC ("Valley Forge") (collectively, "Defendants"), and hereby states and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff and all other similarly situated individuals were or are employed by one of the Defendants, who operate casinos.

2. Pursuant to substantially similar policies and procedures, Defendants failed to pay Plaintiff, and other similarly situated employees, the mandated federal minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

3. Specifically, as explained in more depth below, Defendants employ tipped employees who are paid a direct cash wage below the FLSA's $7.25 per hour minimum wage. Defendants claim a portion of tipped employees' tips as a credit against their obligation to pay these employees minimum wage. However, Defendants are not entitled to claim the tip credit under the FLSA based on the following.

4. Plaintiff alleges Defendants violated the FLSA's tip pooling provisions in three ways. First, Defendants kept a portion of the table games dealers' tips as explained within. Second, Defendants implemented a mandatory tip pool among table games dealers that shared tips with managers and supervisors. Third, Defendants implemented a mandatory tip pool that required table games dealers to pool their tips with employees who do not customarily and regularly receive tips. This practice impacted all tipped employees who participate in the table games dealers' tip pool at Defendants' casino properties. As a result, Plaintiff and all other similarly situated employees are entitled to damages from their Defendant-employer in the form of the difference between their direct cash wage and the FLSA's $7.25 minimum wage, if paid less than the federal

2

minimum wage, for all hours worked for the three years preceding the filing of this Collective Action Complaint (plus periods of equitable tolling) through the present; all pooled tips wrongfully diverted; an equal amount in liquidated damages; and attorneys' fees and costs.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Federal question jurisdiction over the FLSA claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

7. Plaintiff is a resident of the State of Kansas. From approximately March 2021 to the present, Plaintiff has been employed by Defendant Kansas Star at the casino property located at 777 Kansas Star Drive, Mulvane, Kansas 67110. During his employment, Plaintiff worked as a Table Games Dealer—an hourly, non-exempt position—as part of which he participated in the table game dealers' tip pool. Plaintiff's Consent to Join pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 1.**

8. Defendant Kansas Star is a limited liability company organized under the laws of the State of Kansas. Defendant Kansas Star is registered to do business and does conduct business in the State of Kansas. Defendant Kansas Star operates, among other things, a casino property in the City of Mulvane, Kansas. Defendant Kansas Star's contacts with the State of Kansas are of such a continuous and systematic nature as to subject Defendant Kansas Star to general personal jurisdiction in the State of Kansas. Defendant Kansas Star is also the employer of Plaintiff in the

State of Kansas and, as such, is subject to specific personal jurisdiction in the State of Kansas with respect to the claims at issue in this case.

9. Defendant Par-A-Dice is a corporation organized under the laws of the State of Illinois. Defendant Par-A-Dice operates a casino located at 21 Blackjack Blvd., East Peoria, Illinois 61611. Defendant Par-A-Dice consents to specific personal jurisdiction in the State of Kansas solely for purposes of this action.

10. Defendant Blue Chip is a limited liability company organized under the laws of the State of Indiana. Defendant Blue Chip operates a casino located at 777 Blue Chip Drive, Michigan City, Indiana 46360. Defendant Blue Chip consents to specific personal jurisdiction in the State of Kansas solely for purposes of this action.

11. Defendant Diamond Jo is a limited liability company organized under the laws of the State of Delaware. Defendant Diamond Jo operates a casino located at 777 Diamond Jo Lane, Northwood, Iowa 50459. Defendant Diamond Jo consents to specific personal jurisdiction in the State of Kansas solely for purposes of this action.

12. Defendant Belle is a limited liability company organized under the laws of the State of Louisiana. Defendant Belle operates a casino located at 500 Lake Palourde Road, Amelia, Louisiana 70380. Defendant Belle consents to specific personal jurisdiction in the State of Kansas solely for purposes of this action.

13. Defendant Red River is a limited liability company organized under the laws of the State of Louisiana. Defendant Red River operates a casino located at 315 Clyde Fant Parkway, Shreveport, Louisiana 71101. Defendant Red River consents to specific personal jurisdiction in the State of Kansas solely for purposes of this action.

14. Defendant Treasure Chest is a limited liability company organized under the laws of the State of Louisiana.  Defendant Treasure Chest operates a casino located at 4540 Williams Boulevard, Kenner, Louisiana 70065.  Defendant Treasure Chest consents to specific personal jurisdiction in the State of Kansas solely for purposes of this action.

15. Defendant Tunica is a corporation organized under the laws of the State of Mississippi, with its principal place of business ostensibly located in the State of Mississippi. Defendant Tunica operates a casino located at 1477 Casino Strip Resorts Boulevard, Robinsonville, Mississippi 38664.   Defendant Tunica consents to specific personal jurisdiction in the State of Kansas solely for purposes of to this action.

16. Defendant Valley Forge is a limited liability company organized under the laws of the State of Pennsylvania.  Defendant Valley Forge operates a casino located at 1160 First Avenue, King of Prussia, Pennsylvania 19406.  Defendant Valley Forge consents to specific personal jurisdiction in the State of Kansas solely for purposes of this action.

17. Defendants all are subsidiaries of the same parent company.

## OVERVIEW OF PLAINTIFF'S CLAIMS

### Overview of Defendants' Violations of the FLSA's Tip Pooling Provisions

18. Defendants have established substantially similar Paid Time Off ("PTO") policies that govern PTO for hourly employees at their casino properties.

19. Defendants' PTO policies provides that PTO hours accrue for every hour worked based on the employee's length of service according to a set schedule.

20. Defendants employ certain workers in their respective Table Games Departments under the dual rate supervisor job title "Dual Dealer 21 S/U Supervisor" ("Dual Rate Supervisor"),

which includes employment in two occupations: (1) floor supervisor; and (2) table games dealer. The United States Department of Labor refers to this type of employment as a "dual job" situation.

21. With respect to Dual Rate Supervisors' employment as a floor supervisor (a non-tipped occupation), these employees are paid a regularly hourly rate in excess of the federal minimum wage (averaging between approximately $19 per hour and $29 per hour). Hours worked in their employment as a floor supervisor are specifically tracked and separately paid as such in Defendants' timekeeping and payroll records.

22. With respect to Dual Rate Supervisors' employment as a table games dealer (a non-exempt, hourly position that customarily and regularly receives tips and participates in a mandatory tip pooling arrangement), Defendants pay a different pay rate, including some who are paid a direct cash wage under the minimum wage. Under the FLSA, a direct cash wage below minimum wage must be at least $2.13 per hour, and the employer is able to count a limited amount of the employee's tips (as re-distributed by the employer to the employee under a valid tip pooling arrangement) as a partial credit to satisfy the difference between the direct cash wage and the required federal minimum wage. *See* 29 U.S.C. § 203(m)(2)(A). The credit allowed on account of tips may be less than that permitted by statute, but it cannot be more. To illustrate, if a Defendant pays a table games dealer a cash wage of say $4.25 per hour, the amount of the "tip credit" would be $3 (the difference between the employee's direct cash wage of $4.25 and the federal minimum wage of $7.25) – on the assumption further that the amount of tips actually received by the tipped employee (as re-distributed by Defendant according to the mandatory tip pooling arrangement) is enough to make up the difference between the employee's direct cash wage and the federal minimum wage; if not, the Defendant must make up the difference to ensure the employee is paid

at least the required minimum wage for all hours worked in their employment as a table games dealer.

23. Under the FLSA, when an employer employs someone in both a tipped and non-tipped occupation, the tip credit is available only for the hours the employee works in the tipped occupation. Thus, for Defendants' Dual Rate Supervisors, the hours worked in the tipped occupation (table games dealer) must be tracked and paid separately from the hours worked in the non-tipped occupation (floor supervisor).

24. When Defendants' Dual Rate Supervisors take PTO, Defendants' substantially similar policy or practice is that Dual Rate Supervisors are paid on the false assumption that they are employed as a table games dealer and that they accrued most or all of their PTO hours while working as a table games dealer, even though a portion of these employees' PTO hours may have been accrued in their employment as a floor supervisor. PTO hours accrued in their employment as a floor supervisor (a non-tipped occupation) should not be included in any valid tip pooling arrangement among table games dealers. But that is what Defendants have done through March 2024.

25. To illustrate, under Defendants' substantially similarly policy or practice, Defendants pay Dual Rate Supervisors their PTO by paying them a direct cash wage below minimum wage applicable to their employment as a table games dealer (in the above example, $4.25 per hour – rather than the $19.00 per hour that applies to them in their employment as a floor supervisor), plus allowing that all of their PTO hours be included as part of the mandatory tip pooling arrangement among Defendants' table games dealers, which results in Defendants unlawfully redistributing a portion of the table games dealers' tips to PTO pay accrued based on

hours that Dual Rate Supervisors worked in their employment as a floor supervisor (a non-tipped occupation).

26. Some Defendants also unlawfully redistribute a portion of the table games dealers' tips to Dual Rate Supervisors when they are paid for such things as jury duty, bereavement leave, sick leave, FMLA leave, and the like, which accrue and/or are paid in the same or substantially similar unlawful manner as the PTO described above. To the extent Dual Rate Supervisors accrue such additional paid leave in their employment as a floor supervisor, those hours cannot be included as part of any valid tip pooling arrangement among table games dealers.

27. Defendants' above-described processes for the payment of PTO hours (and other forms of paid leave) for Dual Rate Supervisors is unlawful and violates the FLSA's tip-pooling provisions because (1) Defendants are violating the FLSA's requirement that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement; (2) Defendants are violating the FLSA's prohibition against the pooling of tips among employees who do not customarily and regularly receive tips; and (3) Defendants are violating the FLSA's requirement that it "not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of the employees' tips, regardless of whether or not the employer takes a tip credit" – *see* 29 U.S.C. § 203(m), as amended by the Consolidated Appropriations Act, 2018 (signed March 23, 2018), along with such section as was in effect prior to then, and all applicable regulations.

28. Defendants' above-described scheme also results in Defendants' violation of the FLSA's minimum wage payment requirements, 29 U.S.C. § 206, when Defendants are paying a direct cash wage to table games dealers that is less than the required minimum wage, and, due to

Defendants' non-compliance with the FLSA's tip-pooling provisions, Defendants are not entitled to any credit using employees' tips against its minimum wage obligation.

29. Because Defendants' FLSA violations as alleged herein were neither sporadic nor infrequent, Defendants' tip pooling arrangement for table games dealers should be invalidated for the entire statutory look-back period of three years (plus periods of equitable and agreed tolling).

30. As a result of Defendants' above-described FLSA violations, and pursuant to 29 U.S.C. § 216(b), Plaintiff and other similarly situated employees are entitled to recover from their Defendant-employer the amount of the sum of (1) the tip credit taken (*i.e.*, the difference between the direct cash wage and the required federal minimum wage) or, put in other words, the amount of the unpaid minimum wages, (2) all tips that were unlawfully kept by Defendant and then improperly redistributed as payment of PTO hours (and other forms of paid leave) accrued by Dual Rate Supervisors in their employment as a floor supervisor, (3) an additional equal amount as liquidated damages, and (4) a reasonable attorneys' fee and costs of this action..

31. Defendants' FLSA violations alleged herein were willful in that Defendants either knew of the specific FLSA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether their conduct violated the FLSA.  By way of example, Defendants recognize, by their own pay policies, that Dual Rate Supervisors are not permitted to participate in the table games dealers' tip pool for regular hours earned in their capacity as floor supervisors. Under the circumstances, it demonstrates willful violations of the FLSA, or at least reckless disregard for the FLSA, to include other compensation (e.g., PTO, bereavement leave, sick leave, etc.) accrued by Dual Rate Supervisors in their role as floor supervisors for payment from the table games dealers' tip pool.  Further, Defendants have been aware of this violation since, at least, May 2019, when

Plaintiff's counsel filed a substantially similar Complaint against entities affiliated with Defendants. *See James v. Boyd Gaming Corp.*, Case No. 19-2260-DDC-JPO, Doc. 1(D. Kan. 2021)

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings Count I, the FLSA claim arising out of Defendants' violation of the FLSA's tip pooling provisions, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following proposed collective:

> All persons employed as table games dealers and included within a tip pooling arrangement at a casino property operated by a Defendant at any time from January 1, 2022, to March 8, 2024.

33. Plaintiff's FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

34. Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendants' above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

## ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS

35. At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

36. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

37. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

38. During all relevant times to this action, a Defendant was the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

39. During all times relevant to this action, Plaintiff and all similarly situated employees were an "employee" of a Defendant within the meaning of the FLSA. 29 U.S.C. § 203(e).

40. Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiff and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

41. Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

42. Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

43. Plaintiff and all similarly situated employees are subject to substantially similar compensation policies that Plaintiff alleges are unlawful.

44. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of the Collective Action Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

45. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

46. As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants are liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## **COUNT I – Violation of the FLSA**

### **Defendants' Violations of the FLSA's Tip Pooling Provisions**

47. Plaintiff re-alleges the allegations set forth above.

48. Defendants violated the FLSA by implementing and maintaining an invalid tip pool as described above, thus failing to pay Plaintiff and other similarly situated employees all of the tips to which they were entitled.

49. Further, by implementing and maintaining an invalid tip pool, Defendants are not entitled to take a tip credit against their obligation to pay Plaintiff and other similarly situated employees the minimum wage. As a result, Defendants are liable to Plaintiff and other similarly

situated employees each employs for the difference between their direct hourly wage (not counting tips) and the federal minimum wage as well as all wrongfully diverted tips.

50. Defendants' practices resulted in their unlawful and willful fail to comply with the requirements of implementing and maintaining a valid tip pool and, therefore, Plaintiff and the similarly situated employees were not properly compensated pursuant to the FLSA.

**WHEREFORE**, on Count I of this Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

    a. Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

    b. Award Plaintiff and all similarly situated employees damages for unpaid minimum wages under 29 U.S.C. § 216(b);

    c. Award Plaintiff and all similarly situated employees damages for all wrongfully diverted tips;

    d. Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

    e. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

    f. Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

    g. Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby designates the federal court in Kansas City, Kansas, as the place of trial.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues so triable.

Dated: October 11, 2024

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

*/s/ Alexander T. Ricke*
George A. Hanson, KS Bar. No. 16805
Alexander T. Ricke, KS Bar No. 26302
Benjamin J. Stueve, KS Bar No. 28515
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:   (816) 714-7100
Facsimile:    (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com
ben.stueve@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**
*A Professional Corporation*

Ryan L. McClelland,  D. KS Bar #78128
The Flagship Building
200 Westwoods Drive
Liberty, Missouri   64068-1170
Telephone:   (816) 781-0002
Facsimile:    (816) 781-1984
ryan@mcclellandlawfirm.com

ATTORNEYS FOR PLAINTIFF